

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **02 C 4410** | **DATE** | Nov. 14, 2002 |
| **CASE TITLE** | Dolores Martinez v Universal Laminating, Ltd. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1)  ☐  Filed motion of [ use listing in "Motion" box above.]

(2)  ☐  Brief in support of motion due _____.

(3)  ☐  Answer brief to motion due_____.  Reply to answer brief due_____.

(4)  ☐  Ruling/Hearing on _____ set for _____ at _____.

(5)  ☐  Status hearing

(6)  ☐  Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)  ☐  Trial[set for/re-set for] on _____ at _____.

(8)  ☐  [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)  ☐  This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10)  ■  [Other docket entry]

Memorandum opinion and order entered.  Accordingly, defendant's motion to dismiss plaintiff's claims is denied in its entirety.

(11)  ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 18 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |

GDS courtroom deputy's initials

U.S. DISTRICT COURT
CLERK
02 NOV 15 AM 9: 07
FILED-ED-10

date mailed notice

Date/time received in central Clerk's Office

mailing deputy initials

DOLORES MARTINEZ, )
)
Plaintiff, )
)
    v. )
)
UNIVERSAL LAMINATING, LTD., an Illinois )
corporation, )
)
Defendant. )

No.    02 C 4410

Judge Robert W. Gettleman

**DOCKETED**
**NOV 1 8 2002**

## MEMORANDUM OPINION AND ORDER

Plaintiff Dolores Martinez brought this suit for damages and declaratory relief against

defendant Universal Laminating, Ltd., alleging sex discrimination under Title VII, 28 U.S.C. §

2000e, et. seq. In her four-count complaint, plaintiff alleges disparate treatment, disparate

impact, hostile work environment, and retaliation. Defendant has filed a motion to dismiss,

contending that, (1) plaintiff has failed to exhaust administrative remedies, (2) plaintiff's

complaint exceeds the scope of her administrative charges, and (3) plaintiff has failed to state a

claim for retaliation. For the reasons discussed below, defendant's motion to dismiss is denied.

## BACKGROUND

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule

on its merits. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When

considering the motion, the court accepts the allegations of the complaint as true and views the

facts in the light most favorable to the plaintiff. Travel All Over the World, Inc. v. Kingdom of

Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

In distilling the factual background of the instant dispute, the court is not limited merely to the allegations in the complaint, however. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are both central to the plaintiff's claim and referenced in the complaint. Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993). Moreover, the court may take judicial notice of matters of public record, including records of administrative bodies, without converting a 12(b)(6) motion into a motion for summary judgment. Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). With these standards in mind, the court turns to the factual allegations surrounding the instant dispute.

According to the complaint, plaintiff began working for defendant Universal Laminating, Ltd. ("Universal") in April 1994, performing various functions in defendant's factory and working with laminating machines. Beginning in March 2000, plaintiff alleges that, unlike similarly situated male employees, she and her female colleagues were pressured to increase production levels and were disciplined for returning late from breaks. Moreover, she contends that female employees were required to use their personal time and own cleaning supplies to clean the women's bathroom.

In August 2000, defendant finished construction of a new factory building in which plaintiff was required to work. According to plaintiff's complaint, the new facility contained only one bathroom, which was designated for men.

Plaintiff alleges that her supervisor, John Mahalick, called a meeting of the female factory workers on August 25, 2000, during which he told them that "he was making a rule that they would have to use the men's bathroom if they needed to use the restroom during work hours."

When plaintiff and other female employees objected to this rule, Mr. Mahalick allegedly informed them that they were permitted to use the women's bathroom in the old facility only during designated breaks. Failure to abide by this policy would result in a written warning. At a September 2000 meeting during which Mr. Mahalick reiterated this policy, he explained that female employees would be terminated after receiving three written warnings for using the women's bathroom in violation of these newly-imposed rules.

Plaintiff alleges that on September 8, 2000, she went to defendant's old facility to use the women's washroom and subsequently received a written warning, which she refused to sign. When she objected to the rule, Mr. Mahalick allegedly threatened to destroy her reputation and block unemployment benefits. On September 13, 2000, upon reporting to work, plaintiff was informed that she had been fired because of the bathroom incidents.

On September 15, 2000, plaintiff cross-filed a charge of sex discrimination against defendant with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR). In pertinent part, the charge alleged that plaintiff was "required to produce more work products (sic) than [her] male counterparts," was "forced to use the men (sic) washroom facilities," and was subsequently discharged in retaliation for complaining about defendant's washroom policy.

Pursuant to a workshare agreement, the IDHR undertook a factual investigation of plaintiff's charge. Although the IDHR's investigation was supposed to be concluded within 365 days of the filing of her complaint, on July 11, 2001, plaintiff agreed to a 90-day extension.

In July 2001, the IDHR conducted its factfinding conference. On September 24, 2001, plaintiff agreed to another 120 day extension of the IDHR's investigation. Shortly thereafter,

3

however, on September 27, 2001, plaintiff requested that the IDHR and EEOC not make a finding on that portion of plaintiff's sex discrimination charge related to defendant's washroom policy. On October 11, 2001, withdrew her charge from the IDHR and requested a right to sue letter from the EEOC. Within 90 days of receiving her right to sue letter from the EEOC, plaintiff filed the instant suit.

## ANALYSIS

In the instant motion, defendant asserts three grounds for dismissing plaintiff's Title VII claim. First, defendant maintains that plaintiff's withdrawal of her charge before the IDHR constitutes a failure to exhaust administrative remedies. Moreover, defendant argues that the instant complaint exceeds the scope of the charge submitted by plaintiff to the EEOC and IDHR. Last, defendant argues that plaintiff fails to state a claim for retaliation under Fed. R. Civ. P. 12(b)(6). For the reasons stated below, the court denies defendant's motion on all three grounds.

As a starting point, the court finds that defendant's argument regarding plaintiff's failure to exhaust administrative remedies is without merit. 42 U.S.C. § 2000e-5(c) provides that, when a state has its own laws prohibiting a particular employment practice, a complainant must not file a Title VII charge in federal court until after providing state and local agencies with an initial deferral period of at least sixty days to investigate his or her claim. Title VII does not require, however, that plaintiff complete the state administrative process before instituting a suit in federal court. See Guse v. J.C. Penney Co., Inc., 562 F.2d 6, 8 (7th Cir. 1977).

Accordingly, in Zugay v. Progressive Care, S.C., 180 F.3d 901, 903 (7th Cir. 1999), the Seventh Circuit held that a plaintiff exhausted her administrative remedies by providing the IDHR with sixty days to act before withdrawing her claim, and that she was therefore "free to file

suit in federal court once she received her right to sue letter from the EEOC." Notwithstanding defendant's arguments to the contrary, in <u>Zugay</u>, the Seventh Circuit did not limit its holding to cases in which complainants had not yet undergone a factfinding conference. Rather, the court's articulated rationale focused on providing the IDHR with "its chance to reach the merits" of the plaintiff's claim. <u>Id.</u>

Plaintiff in the instant dispute gave the IDHR more than one year to investigate the merits of her claim and conciliate before withdrawing her charge and requesting a right to sue letter. Moreover, plaintiff affirmatively cooperated with the IDHR throughout its investigation of her claim, even consenting to an extension of time within which the IDHR could complete its factfinding conference. This is not, therefore, a case in which plaintiff frustrated the IDHR's efforts to investigate her claim, thereby forfeiting her right to seek redress in federal court. <u>See</u> <u>Morris v. Albertson, Inc.</u>, 2001 WL 936118, at *4 ("[W]here... a claimant chooses to pursue the administrative process but then affirmatively frustrates the agency's efforts to investigate the charge, thus triggering a dismissal... for failure to cooperate, sound policy calls for the denial of the claimant's later effort to file suit in federal court."). Accordingly, the court concludes that plaintiff has exhausted her state remedies and properly filed suit in federal court.

Defendant's arguments regarding the scope of plaintiff's complaint are similarly unavailing. Defendant maintains that plaintiff has asserted two new types of discrimination in her complaint, harassment and disparate impact, that were not included in her charge of discrimination that was cross-filed with the EEOC and IDHR. The court finds that plaintiff's

claim of disparate impact is well within the scope of her EEOC/IDHR charge, and she is not asserting a fifth claim on the basis of harassment.[1]

Ordinarily, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. Taylor v. W. & S. Life Ins. Co., 966 F.2d 1188, 1194 (7th Cir. 1992). Nonetheless, recognizing that laypeople often draft EEOC charges, the courts have carved out an exception for claims that are "reasonably related" to or grow out of the allegations in the EEOC charge. Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976). This means that the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals. Gawley v. Indiana Univ., 276 F.3d 301, 313 (7th Cir. 2001).

Without question, plaintiff's disparate impact claim is reasonably related to the charges of unequal terms and conditions of employment and retaliation enumerated in plaintiff's EEOC/IDHR claim. In her EEOC/IDHR charge, plaintiff explicitly referenced defendant's "fifteen minutes (sic) break policy" and being forced to use the men's washroom, as well as her subsequent alleged dismissal. In contrast to the cases cited by defendant, plaintiff's disparate impact claim does not involve individuals or events that differ from those included in her EEOC/IDHR charge.

---

[1] Defendant further maintains that plaintiff's complaint includes numerous factual allegations that are far beyond the scope of her EEOC charge, such as unequal pay and being forced to clean the women's restroom at the pre-August 2000 facility. Even if the court agreed with defendant that plaintiff's allegations regarding unequal pay and cleaning the bathroom facility were in fact outside the scope of her EEOC/IDHR charge, this would not render plaintiff's claims of disparate impact and harassment as being beyond the scope of the EEOC/IDHR charge. Indeed, as described herein, the allegations regarding defendant's bathroom and rest break policies, as well as unequal work product demands, are certainly adequate to support her claims for disparate impact and harassment.

In addition, the court does not find that plaintiff's reference to "sexual harassment" exceeds the scope of her EEOC/IDHR charge. The only reference to sexual harassment in plaintiff's complaint is contained within subsection (a) of her prayer for relief, in which she requests that the court "declare that defendant's conduct constitutes unlawful sexual discrimination and sexual harassment in violation of Title VII." Plaintiff contends that she is not asserting sexual harassment as a basis for recovery in the four counts of her complaint, but rather that the sexual harassment reference grows out of Count III for hostile work environment. According to plaintiff, "[The sexual harassment reference] was not meant to assert an additional fifth claim, if that is how Defendant perceived it." Looking at the plain language of plaintiff's complaint, the court finds that she has not attempted to state a claim for sexual harassment.[2]

Last, with respect to plaintiff's retaliation claim, the court concludes that she has sufficiently stated a claim to withstand a 12(b)(6) motion. 42 U.S.C. § 2000e-3(a) provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment.... because he has opposed any practice made an unlawful employment practice by this subchapter." In order to establish a prima facie case of retaliation under this section, a plaintiff must demonstrate that: (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal

---

[2]Moreover, even if plaintiff were attempting to state a claim for sexual harassment, that claim would not be beyond the scope of her EEOC/IDHR charge. The court recognizes that harassment claims are "not limited to acts of sexual desire," and include "all forms of conduct that unreasonably interfere with an individual's work performance or create an intimidating, hostile or offensive working environment." Haugerud v. Amery School District, 259 F.3d 678, 692 (7th Cir. 2001) (citations omitted).

link between the protected expression and the adverse action. <u>Dey v. Colt Const. & Dev. Co.</u>, 28 F.3d 1446, 1457 (7th Cir. 1994).

Defendant asks this court to dismiss plaintiff's retaliation claim because neither party has "uncovered any authority which stands for the proposition that complaining about a unisex bathroom is protected speech" under Title VII. The court notes, however, that to qualify as statutorily protected expression under Title VII, the complained of practice need not actually violate Title VII. <u>Id.</u> Rather, plaintiff's reasonable belief that she is challenging conduct that violates Title VII is sufficient to establish the element of protected expression. <u>Id.</u> at 1458.

Viewing the facts in the light most favorable to the plaintiff, and drawing all inferences in her favor, the court concludes that plaintiff could have reasonably believed that defendant's policies violated Title VII. Thus, the court denies defendant's Rule 12(b)(6) motion to dismiss plaintiff's claim of retaliation for failure to demonstrate that she engaged in statutorily protected speech.

## CONCLUSION

For the reasons stated herein, defendant's motion to dismiss plaintiff's claims is denied in its entirety.

**ENTER:**      **November 14, 2002**

**Robert W. Gettleman**
**United States District Judge**